**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DONNIE LYNN WALLACE
ADC #140378                                                                              PLAINTIFF

V.                              CASE NO. 5:15-CV-165 BD

DENISE CHANCE-POWELL                                                        DEFENDANT

**ORDER**

**I.     Introduction:**

Plaintiff Donnie Lynn Wallace, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983, claiming that Defendant Denise Chance-Powell acted with deliberate indifference to his medical needs. Specifically, he alleges that Defendant Chance-Powell refused to provide him prescription medication (Prozac) on one occasion. Defendant Chance-Powell has now moved to dismiss Mr. Wallace's claim against her. (Docket entry #9) Mr. Wallace has not responded to Defendant Chance-Powell's motion, and the time for doing so has passed.

**II.    Discussion:**

Determining whether an official was deliberately indifferent to an inmate's medical needs requires both objective and subjective analyses. *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014). To prevail, Mr. Wallace must establish that he suffered from an objectively serious medical need and that Defendant Chance-Powell "actually knew of but deliberately disregarded [his] serious medical need." *Id*. This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858,

862 (8th Cir. 2006)).  Mr. Wallace must show "more than negligence, more even than gross negligence." *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).  In fact, he must show that the Defendant Chance-Powell's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240–41 (8th Cir. 1997).

Mr. Wallace alleges, because Defendant Chance-Powell refused to give him one dose of prescription medication on one occasion, he could have become unstable or had a seizure.  Assuming his allegation is true, Mr. Wallace has not stated a constitutional claim to relief.

Mr. Wallace does not allege that Defendant Chance-Powell repetitively refused to provide him prescription medication or that he suffered any injury as a result of missing a dose of medicine.  Any harm is speculative, at best.  Based on these allegations, no reasonable fact-finder could conclude that Defendant Chance-Powell's conduct was "so inappropriate as to evidence intentional maltreatment."

Furthermore, to the extent that Mr. Wallace claims that Defendant Chance-Powell violated the Americans with Disabilities Act ("ADA"), this claim also fails.  Assuming that Mr. Wallace is a person with a disability as defined by the ADA, he has not pleaded facts to show that Defendant Chance-Powell denied him any benefit protected under the ADA.  Rather, he alleges that Defendant Chance-Powell failed to provide proper

treatment for his disability.  This allegation cannot support a claim brought under the ADA because medical treatment is not considered a "benefit" under this statute.  *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005)(ADA claim cannot be based on medical treatment decisions).

### III.  Conclusion:

Defendant Chance-Powell's motion to dismiss (#9) is GRANTED.  Mr. Wallace's claims against Defendant Chance-Powell are DISMISSED, with prejudice.   The Court certifies that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

IT IS SO ORDERED, this 25th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE